U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION
255 EAST TEMPLE STREET
LOS ANGELES, CA 90012

FILED
FEB 22 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

Thomas Rodney Locke and         )
Lisa Marie (Johnson) Locke      )     LA 2: 04-11637-BB
1441 N. Naomi Street            )     Chapter 7
Burbank CA 91505                )
                                )     Motion To Vacate
                                )     Prior Court Orders
                                )
vs                              )
Rita J. Calhoun                 )     Petition for Bankruptcy Case Docket
25340 Easy Street               )
Bedford Hts., Oh  44146         )

Now comes the creditor, Rita J. Calhoun, proceeding pro se and moving this court to vacate the February 20, 2009 court order issued in this matter as allowed under Federal Rule 60 (B) (1) Mistake and Federal Rule 60 (B) (3), Fraud.. (Exhibit A)

The debtors filed a bankruptcy in January 2004 and were discharged from their debts in May 2004.

The debtors failed to notify the creditor of the bankruptcy and defended this position in an Ohio lawsuit which was initiated in July 2006 as the debtors refused to repay the creditor $10,000 which was borrowed within weeks of the bankruptcy filing.

The Locke's defended their refusal to repay the loan stating that they were not required to notify the creditor of the proceedings.

In July, 2007, the creditor was sucessful in obtaining a judgment against the debtors in Ohio CV 06-596185 and on Appeal CA - 08-90243.

During the Ohio trial of fact and law, the Locke's secretly amended their bankruptcy to show as a "no asset" bankruptcy in 2006 and again failed to notify the creditor of the proceeding.

These actions on the part of the debtors demonstrate a very specific intent to defraud the creditor out of the $10,000 loan and the creditor is entitled to relief from this judgment as this Court has made a mistake in allowing these debtors to include this judgment in their bankruptcy as they were required to list all debtors in January 2004, before they devested themselves of the creditors $10,000 cash as well as their other assets.

The creditor is entitled to have the court order dated August 31, 2009, vacated based upon Federal Rule 60 (B) ( 1) mistake, inadvertence, surprise or excusable neglect as the clerk of courts held the creditor's "COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT which was received in the clerks office on August 21, 2009 but not returned to the creditor until September 3, 2009 along with the August 31, 2009, Order which clearly stated that there was no evidence of the creditor filing of the Complaint in August 2009.
(Exhibits B- Complaint; Exhibit C- Rejection Notice with attached Court Order).

The creditor is finally entitled to have the court orders vacated as the clerk was also negligent in mailing the creditor the July 20, 2009 court order which gave the creditor 30 days after the entry of the judgment to file the Complaint, the clerk held this order until August 6, 2009.
(Exhibit D)

The creditor did not receive the July 20, 2009 extention of time to file the Complaint until August 9, 2009 and did file the Complaint on August 21, 2009 and did include an affidavit of poverty in recognition of a fee requirement which the creditor did not have and should have been allowed to proceed as an indigent citizen who was defrauded out of $10,000 by the very debtors

whom this court is overlooking the obvious facts that the debt should have been disclosed in January 2004 at the earliest and during their amendment of the bankruptcy in 2006.

The creditor moves this court to exclude this debt from this bankruptcy as the debt was not due until 2004 and the Ohio court has upheld the debt as valid as you cannot profit from fraud or misrepresentation as the Locke's have done on 2 occasions within the same case.

In September 2009, the creditor requested from the clerk of courts "Romeo Suarez" a copy of the Locke's bankruptcy docket as the creditor was planning to appeal the court order of August 31, 2009 as the docket and entire bankruptcy has been archived and cannot be retrieved by the creditor.

It is for the numerous irregularities in this matter that the creditor moves that the court orders be set aside and the creditor be allowed to collect the stolen monies from these debtors or that this court allow the creditor to proceed against these debtors in poverty status or at the expense of the debtors.

At least, the creditor should be allowed time to secure the $250.00 fee as the debtors have had 6 years to execute this theft.

This $10,000 debt should be barred from the bankruptcy proceedings as the debtors do not have clean hands in this matter and should be barred from profiting from this dirty deed.

Respectfully submitted,

Rita J. Locke Calhoun
25340 Easy Street
Bedford Heights, Ohio 44146
440-232-9186

Table of Exhibits

Exhibit A - Order February 20, 2009
Exhibit B - Complaint to Determine Dischargability of Debt, Copy of $10,000 check,
Proof of Service, Poverty Affidavit (stamped August 21, 2009 and returned September 3, 2009)
Exhibit C - Rejection of Complaint Notice with Court Order August 31, 2009 attached.
Exhibit D - Copy of August 6, 2009 Postmarked envelope containing the July 20, 2009
Extention of 30 days time.

Certificate of Service

A copy of the Motion to Vacate Prior Court Orders and Petition for Case Docket was sent to the following by regular U.S. Mail on February 18, 2010.

1. Jon D. Ceretto- Clerk of Courts
US Bankruptcy Court - California Central District
255 E. Temple St.
Los Angeles, Ca 90012

2. Thomas Locke and Lisa Johnson Locke, 1441 N. Naomi Street, Burbank, Ca 91505

3. United States Trustee 725 S. Figueroa St., 26th Fl, Los Angeles, Ca 90015

4. R. Todd Neilson 10100 Santa Monica Blvd., #410, Los Angeles Ca 90067

5. Rabin J. Pournazarian - Price Law Group 157 Ventura Blvd #1100 Encino Ca 91436

FILED & ENTERED

FEB 20 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:

Thomas R Locke and Lisa M Locke,

Debtor(s).

Case No: LA-04-11637BB

Chapter: 7

ORDER OVERRULING OBJECTION TO DEBTORS' AMENDED SCHEDULE F <u>AND IMPOSING DEADLINE FOR OMITTED CREDITOR TO BRING NONDISCHARGE-ABILITY ACTION</u>

(No hearing required)

The debtors filed an amended Schedule F on December 31, 2008 adding a formerly omitted creditor, Rita J. Calhoun ("Calhoun"), as a creditor in their bankruptcy case. Thereafter, Calhoun filed an Objection to Amended Schedule F (the "Objection"). The Court reviewed and considered the Objection and hereby makes the following findings:

1. If Calhoun's claim is of the kind that would not have been dischargeable in bankruptcy if a timely action under Bankruptcy Code section 523(c)(1) had been successfully prosecuted with regard to such claim (a "Nondischargeable Claim"), pursuant to Bankruptcy Code section 523(a)(3)(B), Calhoun's claim will remain nondischargeable notwithstanding the foregoing amendment to the Debtors' Schedule F, **if Calhoun lacked notice or actual knowledge of the bankruptcy case in time to file a timely action under section 523(c)** (a "Nondischargeability Action").

-1-

Exhibit A

2. If Calhoun (a) lacked notice or actual knowledge of the above bankruptcy case in time to file a timely Nondischargeability Action and (b) her claim against the debtors is a Nondischargeable Claim, **the appropriate remedy is for her to file a Nondischargeability Action seeking to have her claim declared nondischargeable under Bankruptcy Code section 523(a)(3)(B) now that she has learned of the existence of the above bankruptcy case.**

3. Calhoun lacks standing to object to the amendment of the Debtors' Schedule F to include her claim, and, inasmuch as this bankruptcy was eventually administered as a "no asset" case, the amendment of the Debtors' Schedule F to include Calhoun's claim has no bearing on the extent to which her claim was, or was not, discharged in bankruptcy.

4. If this Court ultimately concludes that Calhoun's claim against the Debtors was in fact discharged in bankruptcy, any judgments that Calhoun may have obtained on such claim, including without limitation any judgment of any nonbankruptcy court holding that such claim was not discharged in bankruptcy, will be **null and void** pursuant to Bankruptcy Code section 524(a)(1).

In light of the foregoing, and other good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Objection is overruled without prejudice to Calhoun's commencement of an action under section 523 to have any claims that she may assert against the debtors declared nondischargeable in bankruptcy.

2. Now that Calhoun indisputably has actual knowledge of the existence of the above-referenced bankruptcy case, if she wants to file an action seeking to have her claims against the debtors declared nondischargeable in the above bankruptcy case, **she shall commence such an action not later than 90 days after entry hereof.**

3. If for any reason Calhoun fails to commence a Nondischargeability Action by the expiration of a period of 90 days after entry hereof (or by such later deadline as the Court may establish for this purpose in response to a motion for an extension by Calhoun served and filed by Calhoun before the expiration of this 90-day period):

    a. Calhoun shall be conclusively deemed to have waived her right to assert that her claims against the debtors are excepted from the discharge in the above bankruptcy case;

    b. Calhoun's claims shall be discharged in the above bankruptcy case; and

    c. Any judgment that Calhoun may have obtained from a nonbankruptcy court declaring that her claims against the debtors were not discharged in the above bankruptcy case shall be null and void.

4. Nothing contained in this order shall preclude the Debtors from attempting to establish in connection with any Nondischargeability Action that may be commenced by Calhoun that she had notice or actual knowledge of the commencement of the above bankruptcy case in time to file a Nondischargeability Action by the original deadline set for the filing of such claims.

### #

DATED: February 20, 2009

_____
United States Bankruptcy Judge



US Bankruptcy Court
Central Division of California
Los Angeles Division
255 East Temple Street
Los Angeles, Ca 90012

In Re: Thomas Rodney Locke and )
Lisa Marie Johnson Locke )
1441 N. Naomi Street ) Case No. LA2: 04-11637-BB
Burbank, Ca 91505 )
    Debtors ) Chapter 7
 )
Rita J. Calhoun )
25340 Easy Street )
Bedford Hts, Oh 44146 )
    Creditor )

COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

1. Debtors filed this case under Chapter 7 of the Bankruptcy Code on January 24, 2004 and this court maintains jurisdiction of the matter.
2. The debtors were granted a discharge of specific debts in May 2004.
3. The creditor, Rita J. Calhoun was not included among the debtors discharged in the bankruptcy
4. The creditor was not advised of the bankruptcy filing and was not listed or scheduled as required under Bankruptcy Code sect 521(1)
5. The creditor moves for a determination of dischargeability under Bankruptcy Code sect 523(a)3)(B)
6. The debtors are not entitled to discharge based upon Bankruptcy Code Sect 523 (a)(2)(A), the debtorsmade false representations of their financial status and misrepresented their ability to repay the debt
7. The debtors borrowed $10,000 from the creditor in November 2003 but the laon was not to be repaid until November 2004, so the debt was not actually do for repayment at the time of the debtors bankruptcy filing.
8. The creditor filed a lawsuit against these debtors in Ohio in July 2006 and was awarded a judgment in July 2008 and that judgment was upheld on Appeal in 2008.

It is for the good cause stated herin that the creditor moves this court for a Determination of Non Dischargeability of this debt and moves for an order demanding that the debtors be held legally liable for the $10,000 plus accurred interest now at $2,000.

Exhibit B

Respectfully submitted,

_____
Rita J. Calhoun
25340 Easy Street
Bedford Hts., Oh 44146
440-232-9186

RITA J. CALHOUN   7-92
16345 LOTUS DR.
CLEVELAND, OH 44128

6-12-410                    2363

Date Nov 7, 2003

Pay to the order of  Tom & Lisa Locke    $10,000.00

Ten Thousand  XX Dollars

National City Bank
Cleveland, Ohio

For  loan

Rita J Calhoun

⑆041000124⑆ 737783⑈  2363  ⑈0001000000⑈

11122003                041000124
0040-0002-6             NATIONAL CITY BK090
                        11/12/03
090247737               12478444

Thomas Locke
For Deposit Only
5658 44474

Exhibit 1
(6)

US Bankruptcy Court
Central Division of California
Los Angeles Division
255 East Temple Street
Los Angeles, Ca 90012

In Re: Thomas Rodney Locke and )
Lisa Marie Johnson Locke )
1441 N. Naomi Street )   Case No. LA2: 04-11637-BB
Burbank, Ca 91505 )
        Debtors )   Chapter 7
)
Rita J. Calhoun )
25340 Easy Street )
Bedford Hts, Oh 44146 )
        Creditor )

## PROOF OF SERVICE

I, _____, declare that I am a resident or employed in the County of

_____, State of _____.

My residence/business address is _____.

I am over 18 years of age and not a party to this case.

On _____ 2009, I served the enclosed Complaint to Determine Dischageability

on the following parties by placing true and correct copies thereof enclosed in a sealed

envelope with postage thereon fully prepaid in the U.S. Mail at _____

_____ addressed as follows:

1. Thomas Rodney Locke, 1441 N. Naomi Street, Burbank, Ca 91505

2. Lisa Marie Johnson Locke, 1441 N. Naomi Street, Burbank, Ca 91505

3. United States Trustee, 725 S. Figueroa St., 26th Fl., Los Angeles, Ca 90015

4. R. Todd Neilson 2049 Century Park East, Suite # 2300, Los Angeles Ca 90067

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on _____ 2009 at

_____

                                                                                       City and State

_____

                                                                                       Signature

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Thomas and Lisa Locke | ) | Case No: 02:04-bk-11637-BB |
| | ) | |
| Debtors | ) | |
| | ) | OBJECTION TO DISCHARGE |
| | ) | |
| V: | ) | |
| | ) | |
| | ) | |
| Rita J. Calhoun | ) | |
| | ) | |
| Creditor | ) | |

| | | |
|---|---|---|
| In the State of Ohio | ) | SS |
| County of Cuyahoga | ) | |

AFFIDAVIT **OF POVERTY**

I Rita J. Locke Calhoun being duly sworn according to law depose and state that I have been involuntarily unemployed since January 3, 2003.

I am the single parent of a special needs child and at this time, child support of $600 per month is my means of income and for this reason and those mentioned herein, I apply to this Honorable Court for a waiver of all fees associated with this Complaint and Objection to Discharge which should be granted..

The child support payments of $600 per month places my family of 2 within the poverty level range and I do not receive any type of public assistance.

I have a federal tax liability, $34,000 in credit card debt and 2 mortgages which I am upside down in.

I have no funds or credit availability as I could be within months of bankruptcy myself.

*Rita J Calhoun*

Rita J Calhoun

Sworn to and subscribed before me on this _19th_ day of August 2009.
By Rita J. Locke Calhoun

Vanja Vuckovic
Notary Public, State of Ohio
My Commission Exp. Jan. 22, 2013

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

## REJECTION NOTICE

TO: RITA J. CALHOUN [Name/Address of Debtor]
25340 EASY ST
BEDFORD HTS, OH 44146

_____ [Name of Attorney]

YOUR PETITION AND/OR OTHER DOCUMENTS WERE NOT FILED FOR THE FOLLOWING REASON(S), AND YOUR DOCUMENTS AND/OR FILING FEE ARE RETURNED TO YOU HEREWITH:

**A. Filing Fee Deficiency**

FEES [28 U.S.C. 1930; F.R.B.P. 1006]    Filing Fee Required For:
- ☐ $299 - Chapter 7    ☐ $1039 - Chapter 11    ☐ $239 - Chapter 12    ☐ $274 - Chapter 13
- ☐ $9 Abstract    ☐ $260 Motion to Reopen Chapter 7    ☐ $235 Motion to Reopen Chapter 13
- ☐ $26 Amending Schedule(s)/List of Creditors    ☒ $250 Complaint
- ☐ $45 Case File Retrieval Fee - Archive
- ☐ $755 Conversion Chapter 7 to Chapter 11    ☐ $765 Conversion Chapter 13 to Chapter 11
- ☐ $150 Motion to ☐Withdraw Reference ☐Compel Abandonment ☐ Vacate or Modify the Automatic Stay
- Non-individual debtor filing an application to pay bankruptcy case filing fee in installments. [F.R.P.B. 1006(b)(1)]

PAYMENT:
- ☐ Check is not signed.
- ☐ Check is for an incorrect amount.
- ☐ Telephone number missing.
- ☐ Check has been altered.
- ☐ Check is over 30 days old.
- ☐ Bank Cashier's Check has expired.
- ☐ Attorney's California Bar Number is missing.
- ☐ Incorrect payee. Checks must be made payable to "U. S. Bankruptcy Court."
- ☐ Personal checks are not accepted from the general public. Only U. S. Postal money orders, bank cashier's checks cash or American Express, Diner's Club, Discover, MasterCard and VISA are accepted. **CREDIT CARD TRANSACTIONS MUST BE MADE IN PERSON BY THE CARDHOLDER. DEBTORS CANNOT PRESENT CREDIT CARDS TO PAY FEES.**
- ☐ Unacceptable address. The check must have a pre-printed street address. A Post Office Box will not be accepted as an address on the check.

**B. Petition Deficiency**

- ☐ Signature required of Debtor and Joint Debtor on Page 3 of Petition Form B.1. [F.R.B.P. 9011]
- ☐ Violation of 11 U.S.C. § 109(g)/11 U.S.C. § 707(a). You are not eligible to file another bankruptcy within 180 days of entry of Order of Dismissal of prior case.
- ☐ List of the 20 largest unsecured creditors required for Chapters 9 and 11 [F.R.B.P. 1007; LBR 1002-7]
- ☐ Hard copy of Mailing List [F.R.B.P. 1007; LBR 1007-2]
- ☐ Debtor's street address is required. A Post Office Box is not sufficient. [F.R.B.P. 9011; LBR 1002-1(g)]
- ☐ Debtor's Social Security Number or Tax ID Number is required, unless explanatory affidavit provided. [F.R.B.P. 1005]
- ☐ Non-individual debtor filing a Chapter 13 Petition [11 U.S.C. § 109(e)]
- ☒ Other: JON  FEE REQUIRED AND SEE ATTACHED ORDER

Please file all required documents at the following location and enclose the original or a copy of this form if returning documents to the United States Bankruptcy Court.

- ☐ 255 E. Temple Street, Suite 940, Los Angeles, CA 90012
- ☐ 411 West Fourth Street, Santa Ana, CA 92701-4593
- ☐ 1415 State Street, Santa Barbara, CA 93101-2511
- ☐ 3420 Twelfth Street, Riverside, CA 92501-3819
- ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

If you have any questions, please contact the Deputy Clerk referenced below.

Dated: 9-3-09

JON D. CERETTO, CLERK OF COURT
By: _Susan_
Deputy Clerk, Telephone:

Exhibit C



FILED & ENTERED

AUG 31 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:

Thomas Locke and
Lisa Locke,

Debtor(s).

Case No: 2:04-bk-11637-BB

Chapter: 7

**ORDER DENYING MOTION FOR LEAVE TO FILE BELATED DISCHARGEABILITY COMPLAINT AND DENYING REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

(No hearing required)

The Court, having reviewed and considered the "Motion for Leave Instanter to File Complaint to Determine Dischargeability" (the "Motion") filed by creditor Rita J. Calhoun ("Calhoun") **on August 26, 2009**, hereby takes judicial notice of the following facts:

1. By order entered February 20, 2009, the Court imposed a deadline of 90 days after entry of that order, or May 21, 2009, for Calhoun to file a complaint objecting to the debtors' discharge in the above bankruptcy case.

2. On May 21, 2009, Calhoun brought a motion for a further extension of time to file an objection to the debtors' discharge. By order entered July 20, 2009, over the debtors' strenuous objections, the Court gave Calhoun a further extension of time to file such a complaint until 30 days after entry of that order, or **August 19, 2009**.

3. On August 26, 2009, Calhoun filed the Motion. Notwithstanding Calhoun's representation in the Motion that she had in fact filed a complaint objecting to the debtors' discharge on August 20, 2009 (which would nevertheless have been untimely, as the deadline for filing such a complaint was August 19, 2009), the docket in the above-referenced case does not reflect that any such complaint was filed by August 20, 2009 or at all.

In light of the foregoing, and other good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. To the extent that the Motion seeks leave for Calhoun to proceed in forma pauperis, that is, to file an adversary complaint without paying the associated filing fee, the Motion is denied. Calhoun, having failed to file a complaint objecting to discharge by the (second) deadline established for this purpose should not now be permitted to file such a complaint, even if she were to pay the associated filing fee. Moreover, this Court lacks authority to waive a filing fee due from a creditor. If a creditor wants relief from the obligation to pay a filing fee, it must request such relief from the District Court.

2. To the extent that the Motion is in effect a request for a further extension of time to file a complaint objecting to the debtors' discharge, it is denied. Calhoun has already had ample time to file such a complaint and has failed to do so in a timely manner.

3. To the extent that the complaint attached as an exhibit to the Motion can be construed as having commenced an adversary proceeding, that adversary proceeding is hereby dismissed on the ground that it was not filed in a timely manner.

###

DATED: August 31, 2009

_____
United States Bankruptcy Judge

- 3 -

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER DENYING MOTION FOR LEAVE TO FILE BELATED DISCHARGEABILITY COMPLAINT AND DENYING REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of August 28, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

- 4

**ADDITIONAL SERVICE INFORMATION** (if needed):

| Category I (Served by the Court via Notice of Electronic Filing ("NEF"). | Category II (Served by Court via U.S. mail). |
|---|---|
| • R. Todd Neilson<br>tneilson@ecf.epiqsystems.com<br>vdoran@lecg.com;<br>sgreenan@lecg.com<br><br>• Rabin J Pournazarian<br>cacbefile@pricelawgroup.com<br><br>• Raj T Wadhwani<br>raj@wadhwanilaw.com | RITA J LOCKE CALHOUN<br>25340 EASY STREET<br>BEDFORD HEIGHTS, OH 44146<br><br>Thomas and Lisa Locke<br>626 East Orange Grove #303<br>Burbank, CA 91501<br><br>Thomas and Lisa Locke<br>1441 North Naomi Street<br>Burbank, CA 91505 |
| Category III (To be served by the lodging party). ||

- 5

047 J82008960
$00.44
08/06/2009
Mailed From 90012
US POSTAGE



Exhibit D

Rita Calhoun
25340 Easy Street
Bedford Hts., OH 44146

44146330011 C028

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
ROYBAL BUILDING
255 EAST TEMPLE STREET
LOS ANGELES • CALIFORNIA 90012-3334

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300